MASSILLON (CITY) ET AL. V. BENJAMIN F. HUFF.

1. CITY IS LIABLE FOR ACTS OF ITS CONTRACTORS WORKING UNDER THE DIRECTION OF THE CITY ENGINEER.

A city and its contractors are jointly liable for damage done to shade trees by the contractors in constructing a sidewalk under the direction of the city engineer.

2. CITY CANNOT DESTROY SHADE TREES ON STREETS UNLESS NECESSARY TO FURTHER STREET PURPOSES.

A city council has no right to cause the destruction of shade trees upon its streets unless it is necessary to use the ground occupied by them for street purposes, and an abutting owner injured by such destruction may recover damages from the city. *Newcomerstown* v. *Dickenson*, 32 O. C. C. 311, followed and approved.

[Syllabus approved by the court.]

ERROR to common pleas court.

*George W. Kratsch* and *Thomas C. Davis*, for plaintiff in error:

Cited and commented upon by the following authorities: *Hamilton, G. & C. Trac. Co.* v. *Parish*, 67 Ohio St. 181 [65 N. E. Rep. 1011; 60 L. R. A. 531]; *Lawrence Ry.* v. *Williams*, 35 Ohio St. 168; *Daily* v. *State*, 51 Ohio St. 348 [37 N. E. Rep. 710; 24 L. R. A. 724; 46 Am. St. Rep. 578]; *Phifer* v. *Cox*, 21 Ohio St. 248 [8 Am. Rep. 58]; *Callen* v. *Electric Light Co.* 66 Ohio St. 166 [64 N. E. Rep. 141; 58 L. R. A. 782]; *Cincinnati & S. G. A. S. Ry.* v. *Cumminsville*, 14 Ohio St. 523; *Columbus* v. *Agler*, 44 Ohio St. 485 [8 N. E. Rep. 302]; 3 Abbott, Mun. Corp. p. 2075; 26 Am. & Eng. Enc. Law (1 ed.) p. 562; *Gaylord* v. *King*, 142 Mass. 495 [8 N. E. Rep. 596]; *Castleberry* v. *Atlanta*, 74 Ga. 164; *Hodgins* v. *Toronto*, 19 Ont. App. 537; 2 Abbott, Mun. Corp. p. 1941; *Page* v. *Belvin*, 88 Va. 985 [14 S. E. Rep. 843]; *Chase* v. *Oshkosh*, 81 Wis. 313 [51 N. W. Rep. 560; 15 L. R. A. 553; 29 Am. St. Rep. 898]; *Mt. Carmel* v. *Shaw*, 155 Ill. 37 [39 N. E. Rep. 584; 27 L. R. A. 580; 46 Am. St. Rep.

311] ; McQuillian, Mun. Corp. p. 720n, Sec. 459 ; *Akron* v. *Chamberlain,* 34 Ohio St. 328 [32 Am. Rep. 367] ; 2 Thompson, Negligence Sec. 41, p. 913; *Veigel* v. *Lukenheimer,* 9 Dec. Re. 48 (10 Bull. 293) ; *Joliet (City)* v. *Harwood,* 86 Ill. 110, 114 [29 Am. Rep. 17] ; *Erie* v. *Caulkins,* 85 Pa. St. 247 [27 Am. Rep. 642] ; *Chambers* v. *Insurance Co.* 12 Dec. Re. 650 (1 Dis. 327) ; 28 Cyc. 340; *Hughes* v. *Railway,* 39 Ohio St. 461; *Cincinnati* v. *Stone,* 5 Ohio St. 41.

*McCaughey & Eggert,* for defendant in error:

Cited and commented upon by the following authorities: *Keefe* v. *Railway,* 11 Dec. 568 (8 N. P. 466) ; *Kellogg* v. *Traction Co.* 80 Ohio St. 348 [88 N. E. Rep. 882; 23 L. R. A. (N. S.) 158; 17 Ann. Cas. 242] ; *Vanderhurst* v. *Tholcke,* 113 Cal. 147 [45 Pac. Rep. 816; 35 L. R. A. 267] ; *Castleberry* v. *Atlanta,* 74 Ga. 164; *Reese* v. *Cleveland,* 18 Dec. 12 (5 N. S. 193) ; *Cincinnati* v. *Stone,* 5 Ohio St. 38; *Boyd* v. *Watt,* 27 Ohio St. 269; *Upson Coal & Mining Co.* v. *Williams,* 75 Ohio St. 644; affirming, *Upson Coal & Mining Co.* v. *Williams,* 28 O. C. C. 388 (7 N. S. 293).

**PER CURIAM.**

The action out of which this proceeding in error arises was brought in the common pleas court of this county by Benjamin F. Huff to recover from the city of Massillon, and Weible & Schott, contractors, for the destruction of shade trees planted by the plaintiff in front of his premises and upon the street on which his lot abuts, between the sidewalk and the curbing; and the plaintiff avers that said shade trees so planted by him in no wise interfered with or obstructed the grading of said street in accordance with the established and reasonable grade, nor with the proper and reasonable grading of the sidewalk; but that the defendant contractors under the direction and control of the city through its engineer, wholly disregarded the plaintiff's rights, and cut and excavated the ground under the sidewalk in front of plaintiff's said lot to a great and unnecessary depth, and in so doing unnecessarily, purposely, wilfully and unlawfully cut out, carried away and wholly destroyed three of plaintiff's shade trees so planted by him as aforesaid.

Massillon v. Huff.

It was agreed in the trial of this cause that if the plaintiff was entitled to recover at all, that the value of the trees so removed was $125; so that the only question in this case is the right of the plaintiff to recover for trees upon the streets and alleys of the city in front of his property.

It is conceded by the defendant in error that if in the grading of the street to the depth necessary to construct the curbing and sidewalk on the established grade, the trees are in the way, the city or its employes, the contractors, would have a right to remove them, and plaintiff would be without remedy.

It is contended on the other hand that the city council had absolute control of the streets, and is the only forum in which the necessity for removing the trees is to be determined.

In this case the city council by proper ordinance established a grade on the street, and under the supervision and control of its officers, the contractors, proceeded to make it conform to said grade; so that the city by its council did not determine whether there was necessity for removing these trees or not. The question for the jury was whether in the work of making the streets and sidewalks conform to said grade so established, it became necessary to destroy the trees; but whether the grade was a proper one was not a question for the jury. That is conceded.

The only question for the jury was whether the contractors and city engineer in performing the labor required by the ordinance must of necessity destroy the trees, or whether the doing of the same was an unnecessary and wanton violation of plaintiff's rights, for which he might recover.

We have no doubt but that the plaintiff has such a property interest in those shade trees planted and maintained by him on the street with the knowledge and consent of the city council that he may recover for any unnecessary injury thereto.

This court in the case of *Newcomerstown* v. *Dickenson*, 32 O. C. C. 311 (affirmed, no op., *Newcomerstown* v. *Dickerson*, 77 Ohio St. 597), so held; and the opinion of Judge McCarty in that case shows the view of the court in reference to the rights of the owner of abutting property in shade trees

Stark County.

on the street adjacent to his premises. That case was taken to the Supreme Court of Ohio, and affirmed; so that we think the law in this behalf is fully settled in this state.

There is also a claim made that the city is not liable for this damage, because it was accomplished by independent contractors; but the charge is made, and the proof seems to us to sustain it, that these contractors were performing the work under the direction of the city engineer, and therefore, if there was a wrong at all, it seems to us that the evidence establishes that it was the joint wrong of the city and contractors combined.

The judgment of the common pleas court is affirmed with costs, without penalty.